Max Vezzani Assistant Director Division of Parks and Outdoor Recreation 1313 Sherman Street, Room 618 Denver, CO 80203
Dear Mr. Vezzani:
This opinion letter is in response to your January 26, 1981 request for an attorney general's opinion on whether parks and recreation officers have the authority to enforce the provisions of title 42, the Uniform Motor Vehicle Law.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Whether Parks and Recreation officers have the authority to enforce title 42, the Uniform Motor Vehicle Law.
 My conclusion is "yes." As peace officers, Parks and Recreation officers may enforce the traffic laws of the State of Colorado.
2. Whether state parks and recreation roads are public highways for purposes of enforcing title 42.
 My conclusion is "yes." Roads within the state park and recreation areas are public highways.
ANALYSIS
1. In 1979, the legislature amended their definition of "peace officer" to include a parks and recreation officer. The peace officer statute, C.R.S. 1973, 18-1-901 (1979 Supp.), now reads as follows:
 (3)(l) "Peace officer" means a sheriff, undersheriff, deputy sheriff, police officer, state patrol officer, coroner, marshal, any officer, guard, or supervisory employee of any institution within the department of corrections, a district attorney, assistant district attorney, deputy district attorney, or special deputy district attorney, an authorized investigator of a district attorney or the attorney general, a probation or parole officer, an officer or member of the Colorado national guard while acting under call of the governor in cases of emergency or civil disorder, an agent of the Colorado bureau of investigation, a district wildlife manager, a parks and recreation officer, or a security guard employed by the state of Colorado.
(Emphasis added.)
According to C.R.S. 1973, 16-3-102 any peace officer may arrest a person when "any crime has been or is being committed by such person in his presence."
The statute defining a crime states, in pertinent part:
 (1) The terms "offense" and "crime" are synonymous and mean a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed.
Violations of title 42 are classified as misdemeanors unless otherwise specified as felonies. They are punishable by fines or imprisonment. C.R.S. 1973, 42-2-134; C.R.S. 1973, 42-4-1501. Therefore violations of title 42 are crimes or offenses as defined above and are enforceable by any peace officer.
In conclusion, Parks and Recreation officers, as peace officers, have the authority to arrest for offenses committed in their presence, including offenses under title 42. It is my understanding that you have issued a divisional directive which limits any enforcement of title 42 by your officers primarily to State Park and Recreation areas except when an off-park violation seriously endangers life or property. This opinion should be read in conjunction with that directive.
2. Your second question is whether park roads are public highways or private roads. The scope of enforceability of title 42 within the park system depends on the resolution of that issue since only limited provisions of title 42 are enforceable on private roads, whereas all its provisions relating to operation of motor vehicles are enforceable on the public highways. C.R.S. 1973, 42-4-103 (1980 Supp.).
The definition of highway is found in C.R.S. 1973, 42-1-102. It reads as follows:
 (33) "Highway" means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel or the entire width of every way declared to be a public highway by any law of this state.
In addition, C.R.S. 1973, 43-2-201 defines a public highway in the following manner:
(1) The following are declared to be public highways:
. . .
(e) All roads over the public domain, . . .
Roads in the state parks and recreation areas comply with both definitions — they cross the public domain and they are publicly maintained and open to the use of the public.
The fact that park roads are publicly maintained is evidenced by C.R.S. 1973, 33-30-110(4), which directs the appropriation of moneys from the highway users tax fund for the repair and maintenance of public roads and highways in state recreation areas and parks. That statute states:
 (4) At each regular session the general assembly shall determine the amounts to be expended by the division for the acquisition of rights-of-way for and the construction, improvement, repair, and maintenance of public roads and highways in state recreation areas and parks and shall appropriate such amounts from the state allocation provided by section 43-4-206, C.R.S. 1973, from the highway users tax fund to the division as are necessary to accomplish these purposes. These funds, and any other funds appropriated for these purposes, may only be expended to contract for the provision of such services with the state highway department.
C.R.S. 1973, 43-4-206, which enumerates the uses of the state highway users tax fund, does not permit the use of funds for any non-public highway. Since the highway users tax fund is available for park roads, those roads must be considered public highways. The fact that one must purchase a park pass before entering a state park does not alter the public nature of the roads within the park. Any member of the public may purchase the pass, the proceeds of which are for the benefit of the park system and not for private gain.
SUMMARY
In summary Parks and Recreation officers do have the authority to enforce title 42, and for purposes of that enforcement, the roads within the Parks and Recreation system are public highways.
Very truly yours,
 J.D. MacFARLANE Attorney General
PARKS HIGHWAYS PEACE OFFICERS MOTOR VEHICLES
C.R.S. 1973, Title 42
NATURAL RESOURCES Parks Outdoor Recreation
REVENUE, DEPT. OF Motor Vehicle, Div. of
Parks and recreation officers may enforce title 42, the Uniform Motor Vehicle Law. For purposes of enforcement, roads within state parks and recreation areas are public.